E-FILED
Wednesday, 05 August, 2026  01:45:17 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| NOLAN D. BOLDEN, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **Case No. 25-2305** |
| | ) | |
| JOHN/JANE DOES *et al.*, | ) | |
|     **Defendants.** | ) | |

<u>**ORDER**</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Nolan Bolden, an inmate at Western Illinois Correctional Center.

## I.    Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Factual Allegations

On October 26, 2025, Plaintiff was detained at the Macon County Jail when he decided to cover the windows of his cell because he did not want anyone observing him while he engaged in self-gratification. Plaintiff acknowledges that a corrections officer told him he could not obscure his windows. Plaintiff responded that he would be done by the time the corrections officer returned. A few minutes later, Plaintiff's cell door was opened, and multiple corrections officers entered. One of the officers called Plaintiff a "dumb ass" while pointing his finger in Plaintiff's face. (Doc. 1 at 5.) Plaintiff responded by telling the officer to stop pointing at him and to "watch" the way he spoke to Plaintiff. (*Id.*) When the officer responded, "What are you going to do?" Plaintiff stated that he attempted to "raise up" from the bunk he had been lying on. (*Id.*) Thereafter, Plaintiff was sprayed in the face with oleoresin capsicum spray (i.e., pepper spray) and punched several times.

## III.    Analysis

In an excessive force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "Several factors are relevant in determining whether a defendant applied force in good faith or for purposes of causing harm, including the need for force, the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the severity of the force, and the extent of the injury caused by the force." *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009).

Plaintiff's account is sufficient to state a Fourteenth Amendment excessive force claim against John and Jane Doe officers. However, because the Court cannot effect service of process upon a Doe Defendant, the Court *sua sponte* adds Sheriff Jim Root to facilitate the identification of the Doe Defendants only. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that she will aid in identifying any Doe Defendants). In this regard, after Defendant Root has returned his waiver of service and filed an Answer to Plaintiff's Complaint, the Court will enter a scheduling order that will provide Plaintiff guidance and deadlines to identify the Doe Defendants at issue.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment excessive force claim against Defendants John and Jane Does. The Court *sua sponte* adds Defendant Root solely to facilitate identification of the Doe Defendants. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendant Root before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

3) **The Court will attempt service on Defendant Root by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

4) **If Defendant no longer works at the address provided by Plaintiff, the entity for**

whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

5) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

6) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

7) Defendant's counsel is granted leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

9) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

10) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

11)  **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED August 5, 2026.


s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE